UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD SANZO,<br><br>      Plaintiff,<br><br>v.<br><br>ATLANTIC CAPES FISHERIES, INC.,<br>F-V ENTERPRISES, LLC, and<br>ATLANTIC HARVESTERS, LLC,<br><br>      Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Richard Sanzo, in the above-captioned matter and for his Complaint states:

### PARTIES

1. Plaintiff Richard Sanzo (the "Plaintiff") is an individual who resides at 15521 Lawson Creek Lane, Smithfield, Virginia 23430.

2. Defendant, Atlantic Capes Fisheries, Inc., ("ACF") is a New Jersey corporation doing business in the Commonwealth of Massachusetts with a principal office located at 985 Ocean Drive, Cape May, New Jersey 08204, and which, at all times relevant to this matter, maintained a registered office in the Commonwealth of Massachusetts at 140 Waldron Road, Fall River, Massachusetts 02720, with registered agent Barry Cohen.

3. Defendant, ACF, owns seafood offloading or processing facilities in New Bedford, Massachusetts, and Fall River, Massachusetts, and maintains its Marketing Office in Fall River, Massachusetts.

4. Defendant, F-V ENTERPRISE, LLC, ("F-V") is a New Jersey corporation doing business in the Commonwealth of Massachusetts with a principal office located at 985 Ocean Drive, Cape May, New Jersey 08204.

5. Defendant, Atlantic Harvesters, LLC, ("AH") is a Rhode Island corporation doing business in the Commonwealth of Massachusetts. with a principal office located at 985 Ocean Drive, Cape May, New Jersey 08204, and which, at all times relevant to this matter, maintained an office at 50 Middle Street, Fairhaven, Massachusetts 02719.

6. The *F/V ENTERPRISE* (the "Vessel") is a commercial fishing vessel which homeports in Fairhaven, Massachusetts, and it is the vessel upon which Plaintiff was injured.

7. The Vessel does considerable business in Massachusetts.

8. At all times hereafter referred to, Defendants ACF, F-V, and AH owned, operated and/or controlled the Vessel.

9. F-V was, at all relevant times, the title owner of the Vessel.

10. AH at all relevant times manned, victualed and navigated the Vessel.

## JURISDICTION

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship) and because of this Court's jurisdiction over admiralty and maritime cases pursuant to 28 U.S.C. §1333.

12. The Court also has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

13. This action involves the declaration of the parties' rights pertaining to issues raised in and decided by a prior action between them which was litigated in this court, *In Re: F-V Enterprise, LLC and Atlantic Harvesters, LLC*, 1:24-cv-11849-RGS, in which this Honorable Court (Stearns, J.) entered summary judgment on October 18, 2024. See 1:24-cv-11849-RGS Dckt. 23 and 24, copies of which are attached as **Ex. A** and incorporated herein by this reference.

## STATEMENT OF FACTS

14. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

15. On March 2, 2021, in Fairhaven, Massachusetts, the Defendants hired Mr. Sanzo to work as a commercial fisherman on the vessel.

16. As part of his hiring, the Plaintiff was presented with and signed a document entitled ***Continuing Crew Terms of Employment For All Voyages*** (hereinafter referred to as the "*Crew Terms*"), a copy of which is attached as **Ex. B**.

17. The *Crew Terms* include an arbitration clause, which states, in relevant part, that "any dispute, claim or controversy arising out of my work as a crewmember, including but not limited to statutory Jones Act claims, negligence, unseaworthiness, maintenance and cure, . . .shall be determined by one arbitrator sitting in Boston, Massachusetts."

18. The *Crew Terms* further state, in relevant part, that the arbitration clause "**shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction**."

19. On March 2, 2021, the vessel departed Fairhaven, Massachusetts on a clam-fishing trip.

20. On March 4, 2021, the Plaintiff was injured while engaged in his work activities on the deck of the Vessel.

21. Plaintiff's counsel notified the Defendants of the Plaintiff's claims via Notice of Claim letters sent to F-V Enterprise, LLC, Atlantic Capes Fisheries, Inc., and Sea Harvest, Inc., via certified mail on July 19, 2021. The letters stated, in relevant part, the following:

    > Please be advised that this office represents Mr. Richard D. Sanzo with regard to personal injuries sustained on or about March 4, 2021 while working aboard F/V ENTERPRISE (the "Incident") …
    >
    > Please consider this correspondence formal notice of a potential claim for damages suffered as a result of Mr. Sanzo's March 4, 2021 incident and a demand for monetary compensation pursuant to the Jones Act and general maritime law. Demand is hereby made for the immediate payment of Maintenance and Cure benefits. Please submit this letter to your insurer and/or attorney for proper handling.

22. On February 20, 2024, the Plaintiff filed a Complaint against the Defendants in Massachusetts Superior Court, Bristol County, seeking damages for the personal injuries he suffered on the vessel on March 4, 2021.

23. On July 18, 2024, the Defendants filed, in this Court, their *Complaint for Exoneration From or Limitation of Liability*, 1:24-cv-11849-RGS, in which they sought to invoke the protections afforded by the Limitation of Liability Act (the "Act"), 46 U.S.C. § 30501 *et seq.* (formerly 46 U.S.C. § 181 *et seq.*).

24. On July 22, 2024, this Honorable Court (Judge Stearns) issued an order enjoining and restraining the prosecution of any other lawsuits against the Defendants for injuries suffered during the trip. See 1:24-cv-11849-RGS, Dckt. No. 4.

25. On July 31, 2024, the Bristol County state-court action was stayed. See Order, attached as **Ex. C**.

26. On September 9, 2024, the Plaintiff filed, in the exoneration/limitation case, a motion to dismiss/for partial summary judgment on the grounds that the exoneration/limitation claims were time-barred because the Defendants had not filed their complaint within six (6) months of the July 19, 2021 Notice of Claim letter, as the Act required. See 46 U.S.C. § 30529(a) and Supplemental Admiralty Rule F; see also 1:24-cv-11849-RGS, Dckt. Nos. 7,8 and 9.

27. On October 18, 2024, this Honorable Court (Judge Stearns) entered an Order in which he allowed (in part) the Plaintiff's motion, and granted summary judgment on the grounds that the complaint was time-barred. See **Ex. A**.

28. In his Order, Judge Stearns determined that the Defendants' attempted to invoke the protections afforded by the Act well past the six-month deadline for bringing such actions to limit vessel liability, where the Plaintiff's Notice of Claim was sent to the Defendants on July 19, 2021, and the Defendants had notice of the extensive injuries of the Plaintiff no later than 2023:

> [46 U.S.C. Section 30529(a) allows] "[t]he owner of a vessel" to bring a civil action in federal court "for limitation of liability" -- but only if the action is "brought within 6 months after a claimant gives the owner written notice of a claim." *Id.* "The statute operates as a strict time bar," and "[i]t is well settled that if the six-month limitation period lapses before the petition is filed, it shall be dismissed as untimely." *Matter of Bella Sky, LLC*, 621 F. Supp. 3d 194, 196 (D. Mass. 2022).

> Sanzo offers evidence that plaintiffs received notice of his claim in July of 2021, when he sent plaintiffs a letter entitled "NOTICE OF CLAIM". . .
>
> Although plaintiffs attempt to imbue this letter with some measure of ambiguity, . . ., the court finds the above text sufficiently clear to constitute notice of a claim under *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550 (2d Cir. 1994). It informs plaintiffs that Sanzo has retained counsel, provides "formal notice of a potential claim for damages," and is styled in the manner of a controversy (bearing the title "NOTICE OF CLAIM" and asking for a litigation hold on certain documents). . . . And while it may not identify the specific sum sought by Sanzo, "notice 'to the vessel owner need not make explicit that its potential claim against the owner exceeds the value of the boat; rather, it need only be reasonably possible to infer from the notice that the total amount of the claims will exceed the value of the ship.'" *Matter of Seganti*, 2024 WL 1934211, at *3 (E.D.N.Y. May 2, 2024), quoting *In re Henry Marine Serv.*, 136 F. Supp. 3d 401, 408 (E.D.N.Y. 2015). Here, given the sheer extent of the claimed injuries (which, regardless of plaintiffs' concerns about accuracy, they at the very least received notice of in 2023, when Sanzo submitted the medical examination reports to plaintiffs), it is certainly reasonably possible to infer from the notice that damages will exceed the value of the vessel.

29. Also on October 18, 2024, this Honorable Court (Judge Stearns) issued a Judgment on the Defendants' exoneration/limitation case, concluding therein that the "case is hereby DISMISSED as untimely." See. **Ex. A**.

30. The Defendants did not appeal the Judgment.

31. On October 25, 2024, this Honorable Court (Judge Stearns) entered an electronic Order dissolving the July 22, 2024 stay order.

32. The stay of the Plaintiff's Bristol County state-court case was subsequently lifted.

33. On December 11, 2024, the Defendants filed, in the Plaintiff's Bristol County state-court case, a motion to dismiss and compel arbitration, seeking an order requiring that the Plaintiff's claims be submitted to arbitration as set forth in the *Crew Terms*. The Plaintiff's opposition was filed at the same time.

34. On January 8, 2025, the state court (Cloutier, J.) issued a Memorandum and Order in which she allowed the Defendants' motion to dismiss and compel arbitration.

35. Also on January 8, 2025, Judge Cloutier issued a Judgment in which she stated that "the parties are compelled to go to Arbitration." A copy of the Judgment is attached as **Ex. D**.

36. The Defendants recently informed the Plaintiff that they plan to raise, as an affirmative defense in the arbitration proceeding, the protections afforded by the Limitation of Liability Act, despite this Honorable Court's October 18, 2024 decision dismissing the Defendants' exoneration/limitation complaint because it was not timely-filed.

37. It is the Plaintiff's position that Judge Stearns' prior decision and the Judgment ordered thereon, which the Defendants did not appeal, prohibits the Defendants' from now invoking the Act's protections – at the upcoming arbitration proceeding or otherwise – via affirmative defense.

38. As noted, the *Crew Terms* specifically allow the parties to seek "**provisional remedies in aid of arbitration from a court of appropriate jurisdiction.**" See **Ex. B**.

39. This Court is <u>the</u> court of competent jurisdiction for all matters concerning Exoneration and Limitation of Liability under 46 U.S.C. § 30501 and Supplemental Admiralty Rule F, particularly so in this case given that the Court has already considered the merits and ruled on the same issue and entered Judgment.

40. The Plaintiff now seeks a declaratory judgment that Judge Stearns's Order and the Judgment entered thereon precludes the Defendants from raising exoneration and

limitation of liability as an affirmative defense in the upcoming arbitration proceeding, and that the Defendants have forfeited the protections afforded by the Act by not invoking the federal court's jurisdiction in a timely fashion.

41. The declaration the Plaintiff is seeking will aid the arbitration because, if granted: the parties will not have to spend time, effort and resources on discovery pertaining to the exoneration/limitation issues; the arbitration hearing will be more efficient and focused, since the parties will not have to present evidence and testimony on the exoneration/limitation issues; and the arbitrator (who no doubt will have little if any practical experience with exoneration/limitation issues, certainly not as much as Judge Stearns) will not be required to make any rulings on the issues raised by the exoneration/limitation defense.

## COUNT I:   DECLARATORY JUDGMENT

42. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

43. The limitation statute is clear – while a vessel owner "may" avail itself of the defenses available pursuant to the statute, it "must" do so within six (6) months of receiving written notice of a claim, by bringing a civil action in a federal court:  "(t)he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. **The action must be brought within 6 months after a claimant gives the owner written notice of a claim**."  46 U.S.C.S. § 30529 (emphasis supplied).

44. In other words, there is no option for a vessel owner to sit back after a written notice of claim has been made, wait more than six months, then raise

exoneration/limitation as an affirmative defense after the single-known claimant files his lawsuit in state court.

45. The Plaintiff sent the Defendants written notice of his claim on July 19, 2021.

46. The Defendants did not within six (6) months thereafter bring a civil action in federal court.

47. The Plaintiff filed a civil action in state court on February 20, 2024.

48. The Defendants only thereafter on July 18, 2024 filed a civil action in federal court (1:24-cv-11849-RGS) seeking to invoke the protections afforded by the Act.

49. On October 18, 2024 Judge Stearns decided that the Defendants' exoneration/limitation action was not timely filed, and entered judgment dismissing the case.

50. The Defendants did not appeal.

51. Failure to file within the time limit deprives the vessel owner of the benefits and protections of the Act:

> Since the purpose of amending Section 185 was to cut down the right of a shipowner to limit his liability, the time limit imposed by the amendments should be strictly enforced. Any ambiguity in the amended version of the Limited Liability Act should be resolved in favor of permitting full recoveries and requiring strict adherence to the statutory requisites for limiting liability. Knowing of previous decisions permitting the right to limited liability to be raised by answer in state court proceedings, Congress could have provided for the continuance of this procedure with a reasonable time limit. However, both the amendment to Section 185 and Rule F, supra, require that a petition be filed in a district court of the United States. **Failure to so file within six months of written notice of a claim deprives the vessel owner of the benefits of limitation of liability**.

Cincinnati Gas & Elec. Co. v. Abel, 533 F.2d 1001 (6th Cir. 1976) (emphasis supplied, citations omitted).

9

52. Judge Stearns' decision and the judgment entered thereon stripped the Defendants of their ability to invoke the protections of the Act, and, having become final due to the failure of the Defendants to appeal, forever prevents them from proceeding in federal court.

53. A federal court sitting in admiralty is the only court that has jurisdiction over limitation of liability cases and, more specifically, the particular procedures and remedies set forth in the Act.

54. Where vessel owners, like the Defendants here, fail to timely invoke the federal court's admiralty jurisdiction, they lose the right to raise's the Act's protections by way of answer to a state court claim. Vatican Shrimp Co., Inc. v. Solis, 820 F. 2d 674, 678 (5th Cir. 1987) ("…if a shipowner is sued in state court, the owner's failure to file a section 185 petition in a federal court within six months after receiving written notice of the claim will result in forfeiture of the right to limit liability should the claimant contest the limitation defense. This is so because solely **filing in that state court an answer in which limitation is pled obviously does not provide a federal court with jurisdiction to act**.").

55. Neither the Massachusetts state court nor the arbitrator has jurisdiction over a vessel owners' limitation of liability claims.

**WHEREFORE**, the Plaintiff respectfully prays that the Court enter judgment in his favor and against the Defendants on Count I by declaring that: Judge Stearns' Order and Judgment has conclusively determined that the Defendants forfeited their right to limit their liability or otherwise invoke the Act's protections because they failed to file an exoneration/limitation action in a timely fashion; the federal court cannot exercise

jurisdiction over the Defendants' exoneration/limitation claims, thereby leaving them with any forum that has the admiralty jurisdiction necessary to entertain the limitation of liability defense; and the defendants are prohibited from raising exoneration and/or limitation of liability as affirmative defenses in the upcoming arbitration proceeding.

Respectfully submitted,
The Plaintiff, Richard Sanzo
By his attorneys,

/s/ Michael B. Flynn
Michael B. Flynn, Esq., BBO No. 559023
mflynn@flynnwirkus.com
Kathleen A. Reagan BBO No. 549108
kreagan@flynnwirkus.com
Flynn|Wirkus, P.C.
350 Granite Street, Suite 1204
Braintree, MA 02184
P: (617) 773-5500
F: (617) 773-5510

Dated: June 9, 2025

## CERTIFICATE OF SERVICE

The undersigned, Counsel for Claimant, Richard Sanzo, hereby certifies that a copy of the foregoing document was served upon all Counsel of record by CM/ECF electronic filing on this 9th day of June, 2025.

/s/ Michael B. Flynn
Michael B. Flynn, Esq.